Filed 1/10/22  P. v. Ingram CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093280 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F04787 ) |
| v. | |
| AMBER INGRAM, | |
| Defendant and Appellant. | |

Defendant Amber Ingram appeals the trial court's denial of her petition for resentencing under Penal Code section 1170.95,[1] enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), arguing the trial court erred in denying her petition for relief without granting an order to show cause and conducting an evidentiary hearing under section 1170.95, subdivision (d).  The People

---

[1] Subsequent undesignated statutory references are to the Penal Code.

1

concur that defendant is entitled to reversal and remand for further proceedings. As we shall explain, we agree with the parties.

## BACKGROUND

Given the stance of this appeal, it is not necessary to recount at length the tragic death of defendant's five-year-old son at the hands of her then-boyfriend resulting in defendant's conviction for second degree murder (§ 187) as well as her conviction for permitting her child to suffer unjustifiable pain or injury resulting in death. (§§ 273a, subd. (a), 12022.95.) (*People v. Zamora et al.* (Dec. 17, 2012, C067275, C067276) [nonpub. opn.], [1-2, 4].) It is enough to note that defendant was tried for murder on the theory that her son's death was the natural and probable consequence of her boyfriend's abuse, which she did nothing to prevent. (*Id.* [p. 3].) We upheld these convictions on appeal. (*Ibid.*)

Thereafter, on January 17, 2019, defendant filed a pro per petition for resentencing under section 1170.95, requesting the trial court vacate her second degree murder conviction that was procured on a natural and probable consequences theory. The People opposed this petition and briefing concerning defendant's eligibility and the constitutionality of Senate Bill 1437 ensued.

On November 16, 2020, the trial court denied defendant's petition for relief in a written ruling, which noted that defendant had been tried and the jury instructed only on the natural and probable consequences doctrine theory of murder. Nonetheless, the trial court determined defendant had not established her eligibility for relief under section 1170.95 because this court's previous opinion upholding her conviction appeared to have done so on a theory of direct aiding and abetting. And even if that opinion had stopped short of making that conclusion and relied only on the natural and probable consequences doctrine, it still established that she still could be convicted on an actual aider and abettor theory. Accordingly, the trial court reasoned, defendant could not establish that she could

2

not be convicted of second degree murder even though her jury had not been presented with an aider and abettor theory of guilt. The trial court therefore concluded defendant had failed to state a prima facie case for relief and denied defendant's petition. Defendant timely appealed.

DISCUSSION

"Senate Bill 1437 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842.) The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Id.* at p. 843.)

Section 1170.95, subdivisions (b) and (c) create a two-step process for evaluating a petitioner's eligibility for relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 960-962 (*Lewis*).) First, the trial court determines whether the petition is facially sufficient under section 1170.95, subdivision (b). (*Lewis* at p. 960.) If the petition is facially sufficient, then, the trial court moves on to subdivision (c), appointing counsel (if requested) and following the briefing schedule set out in the statute. (*Lewis*, at p. 966.) Following the completion of this briefing, the trial court then determines whether the petitioner has made a prima facie showing he or she is entitled to relief. (*Ibid.*)

As the Supreme Court recently explained, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his

3

or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 971.)

During the briefing in this appeal, but not discussed by the parties, the Governor approved Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) (Stats. 2021, ch. 551.) In pertinent part, this legislation, which takes effect on January 1, 2022, amends section 1170.95 to "[c]odif[y] the holdings of *People v. Lewis* (2021) 11 Cal.5th 952, 961-970, regarding petitioners' right to counsel and the standard for determining the existence of a prima facie case" and to "[r]eaffirm[] that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Cal. Const., art. IV, § 8; Stats. 2021, ch. 551, § 1.)

Here, while the parties agree that reversal and remand is required, they appear to disagree on whether the trial court issued its ruling at the section 1170.95 subdivision (c) or subdivision (d) stage. Given the trial court's language that defendant had failed to state a prima facie case for relief premised upon the court's belief that she could still be convicted of murder on a direct aiding and abetting theory, it appears that the trial court engaged in inappropriate factfinding at the section 1170.95, subdivision (c) stage. (*Lewis, supra*, 11 Cal.5th at p. 971.) Moreover, even if we were to assume the trial court had proceeded to the section 1170.95 subdivision (d) stage, we would still reverse and remand for further proceedings under subdivision (d) consistent with the People's concession that such remand is necessary. This is especially true in light of Senate Bill 775's reaffirmance "that the proper burden of proof at a resentencing hearing under this section is proof beyond a reasonable doubt." (Stats. 2021, ch. 551, § 1; see *People v.*

4

*Garcia* (2018) 28 Cal.App.5th 961, 973 [because the defendant's judgment would not be final until after effective date of relevant Senate Bill, it was appropriate to remand for proceedings after the effective date].) A standard that the trial court here failed to apply. Accordingly, we will reverse and remand with directions for the trial court to issue an order to show cause and conduct further proceedings consistent with this decision.

## DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is reversed, and the matter is remanded with directions for the court to issue an order to show cause and conduct further proceedings consistent with this decision.

_____\s\_____,
BLEASE, Acting P. J.

We concur:

\_\_\_\_\_\s\_____,
DUARTE, J.

\_\_\_\_\_\s\_____,
KRAUSE, J.

5